**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NADESHA MORRIS,<br>*Plaintiff* | : | CIVIL ACTION NO. |
| | : | JURY TRIAL REQUESTED |
| vs. | : | |
| ICARE HEALTH MANAGEMENT, LLC<br>d/b/a 60 WEST<br>*Defendant* | : | JULY 26, 2021 |

# COMPLAINT

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over this Action under 28 U.S.C. §§ 1331 and 1341 42 U.S.C. §2000e-5, insofar as the matters in controversy are brought pursuant to the recently-passed legislation known as the Families First Coronavirus Response Act, which amended certain provisions of the Family and Medical Leave Act, 29 U.S.C. §§ 2612 and 2620 *et seq*., and enacted certain leave provisions under the Emergency Paid Sick Leave Act.

2. Venue in the District of Connecticut is proper because at all times relevant, Plaintiff resided in Connecticut, Plaintiff worked in Connecticut, Defendant is a Connecticut limited liability company, and has its principal place of business in Connecticut.

## II. PARTIES

3. The Plaintiff, Nadesha Morris was at all times set forth herein a resident of Windsor, Connecticut.

4. The Defendant, ICARE Health Management, LLC d/b/a 60 West was at all times set forth herein a company organized under the laws of the State of Connecticut, with a business address of 341 Bidwell Street, Manchester, CT 06040

## III. FACTUAL ALLEGATIONS

5. At all times relevant, the Defendant was and is a company with fewer than 500 employees subject to the Families First Coronavirus Response Act ("FFCRA"), which itself comprises the Emergency Paid Sick Leave Act ("EPSLA") and the Emergency Family and Medical Leave Expansion Act ("EFMLEA").

6. The Defendant provides management to skilled nursing centers and other healthcare providers including the 60 West skilled nursing home in Rocky Hill, Connecticut.

7. Plaintiff commenced her employment with the Defendant in 2013 as a CNA.

8. Plaintiff was employed on a per diem basis but still generally worked forty plus hours a week.

9. In December of 2019, Plaintiff applied for and was approved for FMLA leave for the birth of her child.

10. Plaintiff gave birth on January 29, 2020.

11. Plaintiff was released to return to work on or about March 25, 2020.

12. Plaintiff has three other children in addition to her child born on January 29, 2020.

13. Plaintiff was unable to actually return to work on or about March 25, 2020 due to the fact schools and daycares shut down as a result of the COVID-19 pandemic.

14. On March 10, 2020, Ned Lamont, Governor of the State of Connecticut, declared a public health emergency throughout the State in response to the global pandemic of COVID-19, which had at that juncture "resulted in the spread of infections in Connecticut and surrounding states[.]"

15. On March 15, 2020, Governor Lamont issued Executive Order No. 7C, which, *inter alia*, cancelled all public school classes "[t]o promote and secure the safety and protection of

children in schools related to the risks of COVID-19[,]" and "encouraged" "[p]rivate schools and other non-public schools … to follow the same protocol."

16. On March 20, 2020, Governor Lamont issued Executive Order No. 7H, which, *inter alia*, imposed restrictions on workplaces for non-essential businesses including the "100%" reduction in the workforces of non-essential businesses or not-for-profit entities.

17. On April 1, 2020 FFCRA went into effect

18. As a result of the COVID-19 pandemic Plaintiff's children's school and daycare closed leaving Plaintiff with no childcare.

19. Plaintiff asked the Defendant Human Resources Representative if she could return to work on a per diem basis which would allow Plaintiff to adjust her own hours.

20. Plaintiff was told she would have to apply to be per diem which request was then denied by the Director or Nursing.

21. Plaintiff was told that the fact she did not have childcare was her personal problem and not an accommodation the company would provide.

22. Towards the end of May 2020, the Defendant sent Plaintiff a letter asking her to resign and the Plaintiff refused.

23. Defendant terminated Plaintiff's Employment on June 5, 2020.

**<u>COUNT ONE:</u> FFCRA INTERFERENCE IN VIOLATION OF 29 U.S.C. § 2615 AND THE EMERGENCY PAID SICK LEAVE ACT**

24. All preceding paragraphs are incorporated into this Count as if fully set out herein.

25. The Defendant is a company with fewer than 500 employees, and was at all times relevant subject to the FFCRA.

26. The Plaintiff was eligible for leave and paid leave under the FFCRA and the EPSLA.

27. The Defendant unlawfully interfered with the Plaintiff's exercise or attempted exercise of rights under the FFCRA and the EPSLA, in one or more of the following ways, in that the Defendant:

a. Failed to grant Plaintiff leave under the FFCRA and the EPSLA;

b. Failed to notify the Plaintiff that her request for leave was protected under the FFCRA; and

c. failed to pay the Plaintiff for any and all leave in accordance with 29 U.S.C. § 2620(b)(2)(A) *et seq.* and the EPSLA.

28. The Defendant's unlawful conduct, as aforesaid, deprived the Plaintiff of her rights under the FFCRA and the EPSLA.

29. The Defendant's unlawful conduct was not in good faith and the Defendant did not have reasonable grounds for believing its actions were in conformance with the FFCRA or the EPSLA.

30. As a result of the Defendant's unlawful conduct, as aforesaid, the Plaintiff has sustained lost wages, has been deprived of benefits to which he was entitled, has been deprived of the benefits of gainful employment into the future, has incurred or will incur attorneys' fees and costs in securing his rights through this Action.

**COUNT TWO: FFCRA RETALIATION IN VIOLATION OF 29 U.S.C. § 2615 AND THE EMERGENCY PAID SICK LEAVE ACT**

31. All preceding paragraphs are incorporated into this Count as if fully set out herein.

32. The Defendant is a company with fewer than 500 employees, and was at all times relevant subject to the FFCRA and the EPSLA.

33. The Plaintiff was eligible for leave and paid leave under the FFCRA and the EPSLA.

34. The Plaintiff engaged in protected activity when she exercised or attempted to exercise her rights to leave under the FFCRA by, *inter alia*, informing the Defendant of her inability to report to work on the basis of a qualifying need related to a public health emergency in accordance with 29 U.S.C. § 2612(a)(1)(F) and § 2620, namely, that Plaintiff was "unable to work…due to a need for leave to care for" her minor children, whose school or daycare "ha[ve] been closed…due to a public health emergency."

35. The Defendant unlawfully retaliated against the Plaintiff due to her exercise or attempt to exercise rights under the FFCRA, in one or more of the following ways, in that Defendant:

a. Terminated Plaintiff's employment;

b. Failed to notify the Plaintiff that his request for leave was protected under the FFCRA; and

c. failed to pay the Plaintiff for any and all leave in accordance with 29 U.S.C. § 2620(b)(2)(A) *et seq.* and the EPSLA.

36. The Defendant's unlawful conduct was not in good faith and the Defendant did not have reasonable grounds for believing its actions were in conformance with the FFCRA or the EPSLA.

37. As a result of the Defendant's unlawful conduct, as aforesaid, the Plaintiff has sustained lost wages, has been deprived of benefits to which he was entitled, has been deprived of the benefits of gainful employment into the future, has incurred or will incur attorneys' fees and costs in securing his rights through this Action.

**COUNT THREE: Retaliation Pursuant to the Family Medical Leave Act 29 U.S.C. § 2612 *et seq.***

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 23 above as Paragraphs 1 through 23 of this Third Count as if fully set forth herein.

24. The Plaintiff was an eligible employee under the FMLA, the Plaintiff was entitled to a leave under the FMLA, and the Plaintiff requested and utilized medical leave under the FMLA.

25. The Plaintiff was retaliated against and subject to adverse employment actions for attempting to exercise and/or exercising her rights under the FMLA in that she was denied per diem employment and terminated because of her use of FMLA leave.

26. As a result of the Defendant's violation of the FMLA, the Plaintiff has suffered a loss of wages and employment benefits and will continue to suffer the loss of same, all to her loss and detriment.

27. As a further result of the foregoing conduct of the Defendant, the Plaintiff has incurred, and will continue to incur, attorney's fees and costs in order to obtain the rights to which she is entitled.

**WHEREFORE**, Plaintiff herby requests a trial by jury and prays for the following relief:

1. Money Damages for lost wages and employment benefits;
2. Reinstatement or Front Pay in lieu thereof;
3. Reasonable attorneys' fees;
4. Interest;
5. Liquidated Damages;
6. Costs of this Action; and
7. All other awardable relief.

THE PLAINTIFF,
NABESHA MORRIS

BY: ______________________

Megan L. Michaud (ct28813)
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: mmichaud@cicchielloesq.com